Opinion of the Court. — Morrow and Trimble were complainants in the court below, and the validity of the entry and survey on which they rely, depénds, in the first instance, on another entry, and that entry depends on a third, which is as followeth, to wit: “ December 10th 1782, David Hart enters 2000 acres, fkc. beginning at the mouth of a small branch that empties in on the east side of Small Mountain creek, at a black-walnut and elm marked as a corner, running thence east and down the creek for quantity.” This entry being part of the entry on which Morrow and Trimble found their claim, Smith, in his answer, by necessary implication, if not expressly, has put its precision in issue, and the legality of the manner in which it has been surveyed.
But he afterwards admitted the place marked A* in in the surveyor’s report to be the Walimt and elm calléd for in Hart’s entry as his beginning; and as no testi-jpoliy has been produced by the parties, nor arguments of their counsel advanced, as to the notoriety of the other calls of this entry, the court will presume that the question of notoriety was intended to be relinquished by the *59 admission ; a^d that the precision of those other calls, and the propriety of the manner of surveying, were only intended by Smith* and expected by Morrow and Trim-ble, to be contested indeed, the errors assigned do not imply any thing further.
[The connected plat made out in this cause presented Small Mountain creek by its meanders for some distance down very crooked: the general course of which,, from Hart’s beginning to the termination of 3.42. poles,. on a direct line, would be N, 33 W_the general course to a point 594 poles on a direct line from the beginning,, would be N-83 W. — -the general course to any other distance, as far as the creek was meandered, would be between these two points, they being at the greatest bends. —and the general course to a point 598 poles on astraight line from the beginning, (the greatest distance it was meandered being 21⅛2. poles by the meandters,) was N., 48 WY This entry had been surveyed by the, owners.by running east and north from the beginning.
The inferior court directed it to be laid down by running “ from the beginning east and down the creek with the meanders thereof, and binding thereon equal distances, when the general course of the creek is reduced to a straight line, s,o far as to include the quantity of 2000 acres, by a line extending from the termination of the line running down the creek, when.reduced to a straight line, east, parallel to, and equal in length to the first line, and the exterior line to be drawn from the termination of the third line, to the termination of the first line, parallel to the general course of so much of the creek as would be embraced by the survey.”
When laid down as thus directed* it formed an, equilateral parallelogram (excepting that the creek, formed one side) with lines of 59.8 pojes long : the east corner of which was, an. acute angle of only 42. deg., and the others corresponding therewith..
The opinion of the court proceeds
This, court concurs with the circuit court, that the manner in which the survey on Hart’s entry has been, made, is wrong mqre especially, because the call, running down the creek, was. not sufficiently regarded. But from several considerations*this, court cannot approbate the manner in which that court has. decided the survey should be made. It would produce an acute angle, *60 .which a surveyor is not authorised to make, unless r&* strained on both sides by mountains unfit for cultivation, by water courses, or the bounds of lands before appropriated ; and if so made, would have rendered the sur-; vey liable to be taken, for that cause, by a caveat. So that it ought not to be presumed the locator meant to take his land in an unlawful form, when his calls can Other wise be complied with. Besides, the construction given to the entry by that court, were it proper, would go iar to shew that the entry in another respect does not accord with the requisitions of the land law ; in as much as, on the accidental circumstance of"the west line down the creek, striking or missing one of its bounds, might have extended or coHtfracted the length and width of the survey a very great distance ; and it does not seem reasonable, that other adventurers should be at the expense of employing a surveyor to make the experiment, before they could know with certainty how to locate the adjacent residuum. '
If this court should decide, that from the beginning of this entry, lipes should have extended east and north, equal distances, and sp far that a third line parallel to the first, and extended down the creek until it struck one of its bends, and a fourth line running from the beginning down the creek with its meanders until it met the end of the third line, would include the quantity ; this mode of making a survey pn the entry, would at least be equally rational as the one which has been embraced by the circuit court. But by either of these ways, besides the objections which have been mentioned, the land would be Wholly on the northwardly side of the creek, which is not certainly implied in the entry; and it might have been mentioned, that the mode in which the survey has been made, is subject to the same objection.
The court which decided on this entry, in the case Trimble vs. Davis (a), directed that a survey made thereon should be a square, beginning at the walnut and elm, and extending equal distances therefrom east and west, then at right' angles down the creek for quantity. But this construction is also exceptionable ; because the entry implies, that the land was to extend east from the beginning as well as down the creek. This court adverting that th.e general course of the creek is nearly west, to a considerable distancp downwards^ from the begin» *61 ii'ing, is of opinion that if the entry will admit of any pertain construction, the survey should have been a square, with the beginning called for in the entry in the centre, and with the courses of the boundaries, in conformity to the call for east. In this way all the calls of fhe entry would have been complied with, in consistence with each other, and the s&rvey have been in a legal form ; and then from comparing the reports of the surveyor with the entry of William Trimble, on which Morrow and Trimble immediately found their claim, their survey, when laid off in conformity to this opinion and the other calls of that entry, will not interfere with the survey of Smith.
Should it be objected that the beginning and the ceny tre of a survey are not synonymous terms, it would be a sufficient answer, that it is the intention of an entry, and not the propriety of the expressions it contains, which ought principally to be regarded. And it will not be doubted, did an entry call to begin at a well known ford of a creek, and to extend up and down the creek, that a survey made thereon in a square, -with equal quantities on both sides of the creel;, and with the ford in the cen-tre, would be sustained. Or at most, the objection could only aid in provifig, that no one of the modes of making a survey or Hart’s entry, which three courts have been able to devise, is clearly entitled to a preference ; and consequently, that the entry is not sufficiently special and precise. But on this point, it is not necesssrv, at present, for the court to decide.-:Décree reversed.

(a) The Lex. courT • "